GREGORY P. STONE (State Bar No. 78329)
gregory.stone@mto.com
TED DANE (State Bar No. 143195)
ted.dane@mto.com
PETER E. GRATZINGER (State Bar No. 228764)
peter. gratzinger@mto.com
ZACHARY M. BRIERS (State Bar No. 287984)
zachary.briers@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Google LLC and
YouTube, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| REALTIME ADAPTIVE STREAMING LLC,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE LLC, and YOUTUBE, LLC,<br><br>Defendants. | Case No. 2:18-CV-03629-GW-JC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT**<br><br>Date:      August 27, 2018<br>Time:      8:30 a.m.<br>Courtroom: 9D<br>Judge:     Hon. George H. Wu |

PLEASE TAKE NOTICE that on August 27, 2017, at 8:30 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable George H. Wu, United States District Court Judge, located at 350 W. 1st Street, Courtroom 9D, Los Angeles, California, Defendants Google LLC and YouTube, LLC (collectively "Google"), will and hereby do move the Court under Federal Rule of Civil Procedure 12(b)(6) to dismiss portions of Plaintiff Realtime Adaptive Streaming LLC's ("Realtime") Complaint.  (ECF No. 1.)

Three of the five patents asserted in the Complaint (the "Fallon patents") are directed to the abstract idea of selecting an algorithm to compress data based on some parameter.  The claims of the Fallon patents do not contain any inventive concept; they do not identify any new compression algorithm or disclose any novel algorithm for selecting a compression method.  Instead, the Fallon patents instruct a user to select from among well-known compression algorithms based on some attribute of the system or the data to be processed.  Accordingly, the claims of the Fallon patents are patent-ineligible under 35 U.S.C. § 101, and Counts I, II, and III of the Complaint should be dismissed.

One of the other patents asserted in the Complaint was surrendered by Realtime prior to filing the Complaint and cannot be the subject of an infringement suit.  Realtime does not dispute that it surrendered the patent, and the Court should dismiss Count IV of the Complaint.

Google's motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, all pleadings and papers on file in this action, and such other argument and evidence as may be presented to the Court prior to or at the hearing on this matter.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on July 6, 2018.

| | | |
|---|---|---|
| 1 | DATED: July 16, 2018 | MUNGER, TOLLES & OLSON LLP |
| 2 | |    GREGORY P. STONE |
| 3 | |    TED DANE |
| | |    PETER E. GRATZINGER |
| 4 | |    ZACHARY M. BRIERS |

By:    */s/ Ted Dane*
                  TED DANE
Attorneys for Defendants Google LLC and YouTube, LLC

## **CERTIFICATE OF SERVICE**

I certify that I caused the attached document to be filed using the Court's CM/ECF system and thereby served on counsel of record. I further certify that I have obtained the concurrence in the filing of this document by the above signatory.

DATED: July 16, 2018                 /s/ *Zachary M. Briers*
                                     Zachary M. Briers